CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JUL 17 2007

JOHN F CORCORAN, CLERK
BY: /s/ K. Boise
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 5:07cr00024 |
| v. | **REPORT AND RECOMMENDATION** |
| JOHN SAMUEL McGOWAN, | By: Hon. James G. Welsh |
| Defendant | U.S. Magistrate Judge |

The Grand Jury previously returned a five-count Indictment charging this defendant in Count One with the illegal possession of a Marlin .22 caliber rifle, serial number 12441, on or about November 29, 2006, after having been convicted of a crime punishable by a term of imprisonment exceeding one year and a misdemeanor crime of domestic violence, in violation of Title 18, United States Code, Sections 922(g) and 924(a)(2); in Count Two with the illegal possession of a Smith & Wesson .22 caliber pistol, serial number TBM3642, on or about November 29, 2006, after having been convicted of a crime punishable by a term of imprisonment exceeding one year and a misdemeanor crime of domestic violence, in violation of Title 18, United States Code, Sections 922(g) and 924(a)(2); in Count Three with the illegal possession of a Remington .45 caliber pistol, serial number 611241, on or about November 29, 2006, after having been convicted of a crime punishable by a term of imprisonment exceeding one year and a misdemeanor crime of domestic violence, in violation of Title 18, United States Code, Sections 922(g) and 924(a)(2); in Count Four with the illegal possession of a certain 12 gauge shotgun, manufactured by W. H. Davenport Firearms Co. and with a patent date of December 16, 1890, having a barrel less than 18 inches in length which was not registered to him as required by the National Firearms Registration Act, in violation of Title 26,

United States Code, Sections 5841, 5861(d) and 5871; and in Count Five with the illegal manufacture of the firearm described in Count Four, in violation of Title 26, United States Code, Sections 5822, 5861(f) and 5871.

The defendant was previously arraigned and entered pleas of Not Guilty to these charges. Having now indicated an intent to change his plea to one of these offenses, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of Title 28 U.S.C. § 636(b)(3).

The plea hearing was conducted before the undersigned on July 17, 2007. The defendant was at all times present in person and with his counsel, Andrea S. L. Harris, Assistant Federal Public Defender. The United States was represented by Phillip O. Fugura, Special Assistant United States Attorney. The proceedings were recorded by a court reporter (*See* Rule 11(g)).

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a plea of guilty to Count One of the Indictment.

### A. DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and

that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified that his full legal name is John Samuel McGowan. He stated that he is fifty-one (51) years of age; he has an eighth grade education, and he can read, write and understand English without difficulty. He stated that his mind was clear and that he knew he was in court for the purpose of entering a plea of guilty to a felony offense. He denied having any medical condition, either physical or mental, which might interfere with his ability to understand and participate fully in the proceedings, and he similarly denied using (or being under the influence) of any medications, drugs, or alcohol which might impair his ability to understand and participate fully in the proceedings. Additionally, defense counsel represented that she had no reservations about the defendant's competency to change his plea and to enter a plea of guilty.

The defendant confirmed that he had in fact previously received a copy of the Indictment against him. He testified that he had discussed the charges with his attorney, that he understood the charges, and that he knew each was a felony. *See* Rule 11(b)(1)(G). He testified that he had been given adequate time to prepare any defenses he might have to the charges contained in the Indictment, that he was fully satisfied with the services of his attorney, and that it was his intention and desire to change his prior plea and to enter a plea of guilty to one of the charges against him.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to

3

proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

The attorney for the government informed the court that the defendant's proposed change in his prior plea to one of the charges pending against him was to be made pursuant to a written plea agreement. The government's understanding of the plea agreement was then stated in some detail, including the agreement's restatement of the five felony charges pending against the defendant and the range of punishment that may be imposed upon conviction of each offense [¶ 1]; the defendant's agreement to plead guilty to the charge alleged against him in Count One and his attendant waiver of certain listed constitutional rights [¶ 2]; the government's agreement to the dismissal of Counts Two through Five upon acceptance of the defendant's agreed plea of guilty [¶ 3]; the agreed applicability of Sentencing Guideline section 2K2.1(a)(4) [¶ 4]; the defendant's waiver of any right to a jury determination of guideline-related issues [(¶¶ 2]; the agreement's acceptance of responsibility provision [¶ 5]; the sentencing recommendation provision [¶ 7]; defendant's obligation to pay a One Hundred Dollar ($100.00) special assessment [¶ 6] (*See* Rule 11(b)(1)(L)); the agreement's terms pertaining to any evidence proffer [¶ 8]; the defendant's waiver of the right to appeal any sentence or sentencing-related issues [¶ 9] (*See* Rule 11(b)(1)(N)); the defendant's waiver of any right to attack either his sentence or conviction in any post-conviction proceeding [¶ 11] (*See* Rule 11(b)(1)(N)); the terms of the government's agreement not to seek additional criminal prosecution in this judicial district [¶ 10]; the terms of the agreement's substantial assistance provision [¶ 15]; and the substance of the agreement's other terms [¶¶ 12-14 and 16-19].

4

After which, the defendant was again addressed in open court, and he stated his understanding was the same as that set forth by the government's attorney. Counsel for the defendant also represented that her understanding of the plea agreement was the same as that set forth by the government's attorney, and she further represented that she had reviewed each of the terms of the plea agreement with her client and was satisfied that the defendant understood all of its terms.

The defendant was then shown the original of the plea agreement; and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty in this case and that no one had attempted in any way to force him to plead guilty in the case. The plea agreement was then received, filed, and made a part of the record, and the undersigned noted for the record that the written Plea Agreement constituted the best statement of its terms, and as such it "speaks for itself."

Upon further inquiry, the defendant stated that he knew that his plea, if accepted, would result in his being adjudged guilty of the offense for which he was proposing to plead guilty and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

He expressly acknowledged that he was proposing to enter a plea of guilty to Count One of the Indictment which charged him with possession of a firearm after having been convicted of a felony and after having been convicted of a misdemeanor involving domestic violence, in violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

After the attorney for the government had informed the defendant of the maximum possible penalty provided by law for the offense charged Count One of the Indictment, the defendant expressly acknowledged that he understood imprisonment for ten (10) years and a $250,000.00 fine to be the maximum penalty provided by law for conviction of the felony set forth in Count One; additionally, he acknowledged that upon release following any term of incarceration he would be required to serve a significant period of supervised release. *See* Rule 11(b)(1)(H).

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide restitution. He acknowledged that he understood that the court may order him to make full restitution to any victim and may require him to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K). He also stated that he knew that he would be required to pay the mandatory One Hundred Dollar ($100.00) special assessment. *See* Rule 11(b)(1)(L).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case, including the obligation of the court to consider these

6

Case 5:07-cr-00024-GEC-JGW   Document 22   Filed 07/17/07   Page 6 of 12   Pageid#: 48

Guidelines and the court's discretion to depart from them under certain circumstances and in accordance with applicable court decisions. *See* Rule 11(b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Moreland*,.437 F.3d 424 (4th Cir. 2006). In addition, he acknowledged that he understood the court would not be able to determine the recommended guideline sentence for his case until after the presentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer. He acknowledged that he understood, irrespective of any sentence imposed by the court, he would have no right to withdraw his plea of guilty. He was informed and acknowledged that parole had been abolished and that he would not be released on parole.

Each of the defendant's procedural rights surrendered on a plea of guilty was also explained: including: his right to persist in his previous pleas of not guilty to the offenses charged against him *(See* Rule 11(b)(1)B)); his attendant rights to a trial by jury (*See* Rule 11(b)(1)(C)) and right to be represented and to have the assistance of counsel at trial and at every other stage of the proceeding (*See* Rule 11(b)(1)(D)); his right at trial to see, to hear, to confront and to have cross-examined all adverse witnesses (*See* Rule 11(b)(1)(E)); his right to be protected from compelled self-incrimination; his right to testify and to present evidence in his defense; his right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in his defense (*See* Rule 11(b)(1)(E)); his presumption of innocence; the obligation of the government to prove his guilt beyond a reasonable doubt; the right on his part to decline to testify unless he voluntarily elected to do so in his own defense; and his right to have a unanimous guilty verdict. The defendant testified that he

understood his right to persist in his plea of not guilty and the attendant rights that he would waive upon entry of a guilty plea to Count One of the Indictment. *See* Rule 11(b)(1)(F).

The defendant also acknowledged that, pursuant to the terms of the plea agreement, he was waiving (or "giving-up") his right to appeal his conviction, his right to appeal any guideline sentencing issues, his right to appeal his sentence on any grounds, and his right to contest either his conviction or his sentence in any post-conviction proceeding.

He stated that he understood he would be bound by, and could not withdraw, his guilty plea even if the court's sentence was more severe than he expected. He stated that he knew parole had been abolished, that he would not be released on parole from any period of incarceration, that he understood that he would likely be ordered to serve a period of "supervised release" in addition a term of imprisonment, and that any violation of the terms and conditions of supervised release could result in his return to prison for an additional period of time.

Without equivocation, the defendant stated that he know that his entry of a guilty plea constituted an admission of all the elements of a formal criminal charge and that he was pleading guilty because he was in fact guilty of the crime charged in Count One of the Indictment.

In response to further questioning to ensure that his proposed plea was voluntary, the defendant again stated that (other than the promises expressly set forth in the written plea agreement) his plea did not result from any force, threats, or promises of any kind (*See* Rule 11(b)(2)), that his decision

8

to plead guilty was in fact fully voluntary on his part, and that it was being made with the advice and assistance of counsel.

To permit the court to determine that an independent factual basis existed for the plea, counsel for the government submitted a written proffer outlining the evidence the government was prepared to introduce at trial, and a copy of same was filed as an exhibit and made a part of the record. After counsel for the government set forth the factual basis for the defendant's plea, counsel for the defendant stated that she had reviewed the proffered facts with her client, and she confirmed that the government's proffer accurately summarized the evidence upon which the government would rely at trial. The defendant similarly confirmed that the government's proffer accurately summarized the government's case against him.

After consultation with his attorney, the defendant waived a reading of the Indictment and entered a plea of GUILTY to Count One alleging his violation of Title 18, United States Code, Sections 922(g) and 924(a)(2). The defendant then executed the requisite written form, and it was filed and made a part of the record.

After entering his plea as aforesaid, after an independent basis for the plea was established and after being informed that the undersigned would recommend acceptance of his aforesaid plea, the defendant reiterated his satisfaction with the advice, assistance and services of his attorney.

9

Pursuant to the order of referral, the appropriate probation office was directed to initiate a presentence investigation and preparation of a presentence report. The defendant was then continued on bail, pursuant to the same pretrial conditions of release, pending completion of a presentence report.

### B. GOVERNMENT'S EVIDENCE

By written Proffer of Evidence, an independent factual basis for the defendant's plea of guilty was established. *Inter alia*, the government was prepared at trial to introduce evidence concerning the results of a November 29, 2006 search, pursuant to a properly executed search warrant, of the defendant's residence located in the Western District of Virginia and the attendant seizure of a number of firearms, including a Marlin rifle, model 39A, .22 caliber, serial number 12441. In addition, the government was prepared to prove the defendant's June 7, 1976 conviction of burglary, a felony offense, in the Circuit Court of Shenandoah County, Virginia, and his October 2, 2003 conviction of assault and battery on a family member, a misdemeanor involving domestic violence, in the Shenandoah County J&DR Court.

### C. FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the Rule 11 hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant fully understands and is fully aware of the nature of the charges against him and the consequences of his plea of guilty to Count One;

3. The defendant is fully informed, and he understands, the enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. Before entering his plea, the defendant and the government reached a plea agreement which was reduced to writing;

5. The defendant's entry into the written plea agreement and his tender of a plea of guilty to Count One were each made with the advice and assistance of counsel;

6. The defendant's entry of a plea of guilty to Count One was made with full knowledge and understanding both of the nature of the offense and the full range of punishment which might be imposed;

7. The defendant's plea of guilty is intelligently made, is fully voluntary, and did not result from any force, threats, or promises other those contained in the plea agreement;

8. The defendant's plea of guilty is a admission on his part of the substantive offence charged in Count One of the Indictment;

9. The plea agreement complies with the requirements of Rule 11(c)(1); and

10. The evidence presents an independent factual basis containing each essential element of the offense to which the defendant is pleading guilty.

### D. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One of the Indictment, that the defendant be adjudged guilty of said offense, that the government's motion to dismiss Counts Two through Five be granted, and that a sentencing hearing be scheduled by the presiding district judge on October 9, 2007 at 10:00 a.m.

11

## E. NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(C). Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States district judge.

The clerk is directed to transmit copy of this Report and Recommendation to all counsel of record.

DATED: 17th day of July 2007.

s/ JAMES G. WELSH
United States Magistrate Judge